Hay, J.
The action was brought to recover damages for breach of covenants in a deed, against incumbrances and to defend the title conveyed. The question is, whether the case made by the petition shows a breach of the covenants.
It is claimed by defendant, that before the plaintiff' can recover he must show an eviction under a superior title. 'This is done by the petition. There was an existing mort *477 gage of the laud to another party when the deed was made. Subsequently the holder of the mortgage brought an action against the mortgagor and both the parties in this case, to .enforce the mortgage against the land. He obtained a judgment subjecting the land to the payment of the mortgage. The laud was sold on the judgment and conveyed to the purchaser, who thereupon obtained possession. Thus was the plaintiff evicted by due process of law under a superior right. The defendant failed to defend the title he conveyed to the plaintiff. This was a breach of his covenants, and the plaintiff's right of action thereon, for full damages, accrued the moment he was evicted.
The subsequent reversal of the judgment on which the land was sold did not divest the plaintiff of his right of action; for, under the 446th section of the code, it in no manner affected the sale of the land. That was irrevocably lost to the plaintiff'. The breach of the defendant’s covenants was equally certain and injurious to the plaintiff, though, it was the result of an erroneous judgment.
The defendant was a party to the judgment, and is concluded by it. He permitted the land to be sold before he obtained a reversal of the judgment. He was the party proceeding in error, and might have stayed the sale by a supersedeas. The plaintiff was no more bound to prosecute proceedings in error, or to suspend the judgment, than he was to pay the amount due on the mortgage, to save the land from sale. He had the covenant of the defendant to defend the title, and he might rely upon that.
The proceeding in error was of no. avail to the plaintiff'. In no event would it restore to him the land after it was sold; nor was it necessary to his right of action on the covenants of his deed agaiust the defendant.
The plaintiff having been lawfully evicted by a title adjudged to be superior to that conveyed by the deed of defendant to him, in an action to which both were parties, and the defendant having suffered this to be done -while the j udgment was in full foi’ce, as against his covenants to the plaintiff, he is estopped to deny the validity of the judg *478 ment which he has permitted to result in a breach of hia covenants and consequent cause of action against him.
The reversal of the judgment may, however, be available to the defendant, by way of restitution from 'the party recovering it,'as provided in section 446 of the code. But whether restitution would be of any permanent value may depend upon the final result of that case. In no event could it answer the breach of the covenants, and may prove to be of no ultimate value to any one. The certain remedy of the plaintiff on the covenants of the defendant’s deed can not be satisfied by a substitute of such uncertain availability.

Judgment reversed and cause remanded.

Scott, Chief Judge, “Wright, Johnson, and Ashburn, JJ., concurred.